COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued by Teleconference


ANTWAN R. JENKINS
                                    MEMORANDUM OPINION[*]
v.         Record No. 1093-96-1   BY JUDGE JOSEPH E. BAKER
                                         JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Von L. Piersall, Jr., Judge

        John D. Levin (Levin & Levin, on brief), for
        appellant.

        Daniel J. Munroe, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Antwan R. Jenkins (appellant) appeals his jury trial

convictions for first degree murder in violation of Code

§ 18.2-32 and for use of a firearm in the commission of a felony

in violation of Code § 18.2-53.1.  Appellant contends that the

evidence fails to show beyond a reasonable doubt that three

gunshot wounds he inflicted upon Kelly Jackson (Jackson) were the

cause of Jackson's death.  Therefore, he asserts that the

evidence is insufficient to sustain his convictions.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Martin v. Commonwealth,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Viewed accordingly, the record reveals that on May 21, 1995 appellant inflicted three gunshot wounds upon Jackson. Jackson was hospitalized and received treatment for the wounds, including emergency surgery to repair damage to his large and small intestines. Jackson, however, died at the hospital on May 25, 1995.

Dr. Faruk Presswalla (Dr. Presswalla), the Deputy Chief Medical Examiner for the Commonwealth, performed the autopsy on Jackson. Dr. Presswalla testified that although two of the bullet wounds did not penetrate the body cavity or injure any vital structures, the third bullet wound perforated Jackson's large and small intestines. Dr. Presswalla added that the large and small intestines were not vital organs in the sense that "hitting them will kill you right away but it's a serious injury because without treatment it will become a fatal injury, especially the colon, because the colon is full of microorganisms that could produce serious infection."

When asked if he formed an opinion as to Jackson's cause of death, Dr. Presswalla testified only that "[Jackson] died as a result of this aspiration following the gunshot wound to the abdomen." In other words, "his vomit [went] up and down into the airway, into his lungs." The prosecutor presented no evidence regarding the cause of the aspiration and made no further inquiry regarding the cause of Jackson's death.

Dr. Jeff Carney (Dr. Carney), a surgical resident who treated Jackson, wrote in Jackson's patient notes following the date May 25, 1995 and time 11:20 a.m., "Please have Discharge Planning and Home Health evaluate patient." Although he could not state with certainty, Dr. Carney opined that Jackson _may_ have had "some type of seizure activity" which produced relatively common vomiting. Dr. Carney based his statement on Jackson's spastic movements in his extremities, his vomiting, and his eyes rolling back into his head.

"In every prosecution for the commission of a homicide the Commonwealth must prove that the party alleged to have been murdered is dead, and that death resulted from the criminal act or agency of another." Spain v. Commonwealth, 7 Va. App. 385, 393, 373 S.E.2d 728, 732 (1988). "Because the victim of a felonious act dies after infliction of an injury does not necessarily impose criminal liability upon the perpetrator. To place such criminal liability on him, the injury must be a cause of the victim's death." Id.

In appellant's case, the Commonwealth failed to present evidence that Jackson's "death resulted from the criminal act or agency of another." When Dr. Presswalla was asked if he formed an opinion as to Jackson's cause of death, he responded that "[Jackson] died as a result of this aspiration following the gunshot wound to the abdomen." Clearly, the record is sufficient to support a conclusion that Jackson died of the aspiration.

However, the Commonwealth failed to show by Dr. Presswalla whether the aspiration simply occurred after or was caused by the gunshot wound. Therefore, the fact finder had no way of determining whether Dr. Presswalla meant that the aspiration was simply an unrelated event which coincidentally occurred after the gunshot wound, or a result of the gunshot wound with a causal relationship thereto.[1] Accordingly, we hold that the record before us fails to support a finding that Jackson's death was caused by any of the gunshot wounds inflicted by appellant.

For the reasons stated, the judgment of the trial court approving appellant's convictions is reversed, and the prosecution against appellant is dismissed.

<u>Reversed and dismissed.</u>

---

[1]We acknowledge that one of the exhibits, Jackson's typewritten discharge summary which is signed by Dr. Carney, contains an almost indecipherable handwritten note in the top left corner: "many Factors contributed to his death but all were result of Gunshot wound." There is no indication in the record of the source or author of this handwritten note and neither party acknowledged the note in its brief. Consequently, we can only speculate as to its origin, authenticity, and authorship, and we are constrained by the record before us to disregard it.